UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| NORTON OUTDOOR ADVERTISING, INC., <br><br> Plaintiff, <br><br> v. <br><br> VILLAGE OF ST. BERNARD, et al., <br><br> Defendants. | Case No. 1:20-CV-350 <br><br> Judge Michael R. Barrett <br><br><br> **OPINION & ORDER** |

This matter is before the Court on the Magistrate Judge's Report & Recommendations ("R&R") of June 16, 2022. (Doc. 51). Proper notice was afforded to the parties, *see United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); Fed. R. Civ. P. 72(b), and Plaintiff Norton Outdoor Advertising, Inc., has timely objected, (Doc. 54). Defendants—the Village of St. Bernard, the Board of Zoning Appeals, and Building Commissioner Gerald L. Stoker—have responded to Norton's objections. (Doc. 57).

I. **BACKGROUND**

Norton is an Ohio advertising agency engaged in the construction, sale, and leasing of outdoor billboards. (Doc. 1, PageID 5). It currently maintains nine signs in seven locations within the boundaries of St. Bernard, including the two in dispute at 130 W. Ross Avenue. (*Id.*, PageID 6).

Under Ohio Revised Code § 713.03, St. Bernard is vested with the authority to govern land use within its boundaries. St. Bernard regulates advertising signs under two

1

sections of its Village Code—Part 7, the Business Regulation Code, and Part 11, the Planning and Zoning Code—and subcontracts its zoning authority to Gerald Stoker. (Doc. 31, PageID 171).

St. Bernard requires parties to obtain a permit before installing or erecting "any sign." V.C. § 1185.002. The Village Code distinguishes between "on-premises signs" (signs advertising or announcing content related to the premises where the sign is located) and "off-premises signs" (signs directing attention elsewhere). *Compare* V.C. § 1185.001(c) *with* § 1185.001(d). Both "outdoor advertising signs" as described in Part 7 and "advertising signs" as described in Part 11 are defined as off-premises signs, *see* V.C. §§ 711.02, 1185.001, and St. Bernard generally applies stricter limitations to off-premises signs, including the prohibition of "variable messaging" (also known as "changeable messaging"), V.C. § 711.07(e).

As relevant here, Norton applied for and received permits from St. Bernard and the Ohio Department of Transportation to reconstruct two sign faces at 130 W. Ross Avenue. According to Stoker, Norton expressed its intention to convert the signs to fourteen-by-forty-eight-foot digital LED signs, but failed to indicate that the signs would display changeable messaging. (Doc. 32, PageID 889). After the overhauls were completed, St. Bernard revoked the permits and issued notices of non-compliance due to the discrepancies between the permits granted and the final signs. (*See id.*, PageID 1089-90). St. Bernard did, however, note that Norton could continue to use the signs until it obtained a variance if it deactivated the changeable messaging feature. (*Id.*).

Norton brought the underlying action alleging that St. Bernard's sign restrictions violate its First and Fourteenth Amendment rights, and the parties eventually cross-

2

moved for summary judgment. Following supplemental briefing and a stay pending the resolution of *City of Austin v. Reagan Nat'l Advert. of Austin, LLC*, 596 U.S. ____, 142 S. Ct. 1464 (2022), the Magistrate Judge concluded that "the provisions of the Village's sign code that Norton has standing to challenge are constitutionally valid under intermediate scrutiny review." (Doc. 51, PageID 1735). Accordingly, the Magistrate Judge recommended granting summary judgment in Defendants' favor. Norton objects, arguing that (1) the challenged provisions are not facially content-neutral, and thus must be reviewed under strict scrutiny; (2) even if the provisions are not subject to strict scrutiny, the Court must still apply the four-part test from *Central Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n*, 447 U.S. 557 (1980); and (3) St. Bernard did not establish the narrow tailoring necessary to withstand time, place, and manner scrutiny. (Doc. 54).

## II. <u>STANDARDS OF LAW</u>

Magistrate Judges are authorized to decide both dispositive and non-dispositive matters pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. When objections are made to a Magistrate Judge's R&R on a dispositive matter, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the Court "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (noting that a fact is "material" only when its resolution affects the outcome of an action,

and a dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party"). The Court views the evidence and draws all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)

If the moving party has satisfied its initial burden of showing the absence of a genuine issue of material fact, the nonmoving party may not rest on the mere allegations in the pleadings, but must instead put forth specific facts showing that there is a genuine issue for trial. *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). This standard of review remains the same for reviewing cross-motions for summary judgment. *Ohio State Univ. v. Redbubble, Inc.*, 989 F.3d 435, 441-42 (6th Cir. 2021); *see Harris v. City of Saginaw*, 62 F.4th 1028, 1032-33 (6th Cir. 2023) ("In review of the *defendant's* motion, we accept the *plaintiff's* view of the facts as true and draw all reasonable inferences in favor of the *plaintiff*;" whereas "in review of the *plaintiff's* motion, we accept the *defendant's* view of the facts as true and draw all reasonable inferences in favor of the *defendant*.").

## III. ANALYSIS

### a. Objection One

As an initial matter, Norton's first objection to the R&R is not a "specific objection[] to the proposed findings and recommendations," Fed. R. Civ. P. 72(b), but instead consists of a near-verbatim recitation of its supplemental pleading.[1] (*Compare* Doc. 50, PageID 1697-1700 *with* Doc. 54, PageID 1934-37). The addition of non-controlling decisions from the Kentucky state courts does not remedy this deficiency. In any event,

---

[1] Norton also does not challenge the Magistrate Judge's conclusions as to standing. (*See* Doc. 54, PageID 1722-28).

4

the Magistrate Judge did not err in concluding that the provisions at issue are content-neutral and thus subject to intermediate scrutiny.

In *Austin*, the city code in dispute defined an "off-premises sign" as "a sign advertising a business, person, activity, goods, products, or services not located on the site where the sign is installed, or that directs persons to any location not on that site." 142 S. Ct. at 1469. When the city prohibited the construction of new off-premises signs and barred the owners of existing signs from modifying "the method or technology used to convey a message," its action was challenged as an impermissible content-based restriction. *Id.* at 1469-70.

The Court, addressing whether the local provisions were content-based (and therefore subject to strict scrutiny) or content-neutral (and therefore only subject to intermediate scrutiny) when they distinguished between on-premises and off-premises signs, emphasized that the message on a sign was relevant only insofar as "it informs on the sign's relative location." *Id.* at 1473. When there are no content-discriminatory classifications and "[a] given sign is treated differently based solely on whether it is located on the same premises as the thing being discussed or not," then "[t]he on-/off- premises distinction is . . . similar to ordinary time, place, or manner restrictions." *Id.* at 1472-73. Consequently, the law "does not require the application of strict scrutiny to this kind of location-based regulation." *Id.* at 1473.

Norton attempts to distinguish this matter from *Austin* by noting that the only exemption from the prohibition in that case was for on-premises signs, whereas St. Bernard also exempts directional or traffic control signs posted by a public authority, real estate signs, and public service signs. Norton argues that the provisions are thus content-

5

based because the exemptions are "based on the subject or message conveyed by the sign, the identity of the speaker, and in many instances both." (Doc. 54, PageID 1937). But Norton does not show that St. Bernard "adopted a regulation of speech because of disagreement with the message it conveys," *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989), and otherwise points to no relevant, controlling case law in support of its position that the Magistrate Judge incorrectly applied intermediate scrutiny.

As to the first two exemption categories, the Magistrate Judge correctly found that governments can create exemptions for government speech without inviting strict scrutiny, *see Pleasant Grove City v. Summum*, 555 U.S. 460, 468 (2009), and "the exclusion of the real estate sign subcategory in § 711.02(a)(3) is redundant and does not transform the location-based on-/off-premises definition into a content-based one," (Doc. 51, PageID 1719). Regarding the final exemption category, such signs are not "used to advertise or promote," and "[t]o the extent that Norton objects to the regulation of only signs that 'advertise,' *City of Austin* confirms that a regulation that targets off-premises commercial speech remains subject to an intermediate scrutiny standard of review." (*Id.*, PageID 1720).

### b. Objections Two & Three

Norton's remaining objections are equally unavailing. Norton argues that the Magistrate Judge erred by failing to apply the *Central Hudson* standard alongside a time, place, and manner test. This argument, however, is contrary to well-established Sixth Circuit precedent; when a challenged regulation does not distinguish between commercial and non-commercial speech, analysis under *Central Hudson* is inapposite. *See, e.g.*,

6

*Bench Billboard Co. v. City of Covington*, 465 F. App'x 395, 405 (6th Cir. 2012); *Hucul Adver., LLC v. Charter Twp. Of Gaines*, 748 F.3d 273, 276-77 (6th Cir. 2014).

And to the extent Norton asserts that Defendants did not carry the burden of showing that the challenged provisions are narrowly tailored, they fail to explain how. As the Magistrate Judge noted, St. Bernard "is only required to establish that § 711.07(e) is a reasonable 'fit' that is narrowly tailored to achieve the Village's substantial interests in traffic safety and esthetics." (Doc. 51, PageID 1734). Norton points to no error in the Magistrate Judge's conclusion that "the Village's ban on variable message off-premises signs is narrowly tailored to address a particular type of sign that it has adjudged to be more esthetically objectionable and at greater risk to traffic than other types of signs." (*Id.*).

## IV. <u>CONCLUSION</u>

Having conducted careful de novo review of the R&R, as well as the underlying evidence and pleadings in the record, the Court **OVERRULES** Norton's objections, and **ACCEPTS** and **ADOPTS** the R&R, (Doc. 51), in full for the reasons stated therein. In accordance with the R&R, Norton's motion for summary judgment, (Doc. 37), is **DENIED**, and St. Bernard's motion for summary judgment, (Doc. 38), is **GRANTED**. This matter is hereby **DISMISSED**.

**IT IS SO ORDERED.**

    /s/ Michael R. Barrett
Michael R. Barrett, Judge
United States District Court